[This decision has been published in *Ohio Official Reports* at 96 Ohio St.3d 82.]

THE STATE EX REL. ISAACS, APPELLANT, *v.* INDUSTRIAL COMMISSION OF OHIO ET AL., APPELLEES.

[Cite as *State ex rel. Isaacs v. Indus. Comm*., 2002-Ohio-3613.]

*Workers' compensation—Crushing injury to foot—Claimant's application for loss-of-use award denied—Industrial Commission's decision affirmed when supported by "some evidence"—Total loss of use not found by one doctor.*

(No. 2001-1003—Submitted May 21, 2002—Decided July 31, 2002.)

APPEAL from the Court of Appeals for Franklin County, No. 00AP-932.

————————————

**Per Curiam.**

{¶1} Appellant-claimant, Raymond L. Isaacs, sustained a severe crushing injury to his left foot while working for appellee Sofco Erectors, Inc. Several surgeries left claimant with a large skin graft on the medial side of the foot and arch, which has broken down and ulcerated in the past. He cannot bear weight on the heel or arch, and requires an orthotic to walk. The pain is constant.

{¶2} Examining doctors have largely been consistent in their findings. They have, however, disagreed on the amount of loss of foot function. Drs. Stephen N. Buffington and W. Gibson found total toe stiffness. Drs. Ronald Hodges and Steven S. Wunder found toe motion to be present, with some restriction. This existence of toe function prompted Dr. Wunder to conclude that claimant had a seventy-percent foot impairment and did not have a total loss of use of the extremity.

{¶3} Claimant moved appellee Industrial Commission of Ohio for an award for total loss of use of left foot pursuant to R.C. 4123.57(B). A district hearing

officer granted that motion, but a staff hearing officer reversed on appeal based on the reports of Dr. Wunder. Further appeal was refused.

{¶4} Claimant filed a complaint in mandamus in the Court of Appeals for Franklin County. The court of appeals, finding the reports of Dr. Wunder to be "some evidence" supporting the commission's decision, denied the writ.

{¶5} This cause is now before this court upon an appeal as of right.

{¶6} Claimant accurately observes that most of the evidence supports a loss-of-use award. That is not, however, the appropriate evidentiary standard. Review turns instead on this question: Does the relied-on evidence, *i.e.*, Dr. Wunder's reports, support the denial of an award for loss of use?

{¶7} Claimant's battle is an uphill one, since Dr. Wunder twice stated specifically that claimant did not have a total loss of use. Claimant concedes this but alleges that Wunder's findings do not support this conclusion. We disagree.

{¶8} All examiners concur that claimant's ability to bear weight and consequently walk on his left foot have been severely compromised. Dr. Wunder's findings largely mirror those of his colleagues, yet because he found some toe movement, he opined that some foot use was preserved. This is not a case where several doctors found a total loss of use and a dissenter found nothing wrong. Dr. Wunder found much wrong with claimant's foot and felt that claimant had a high (seventy percent) degree of loss. He just did not feel that claimant had crossed the threshold from high to total loss of use. That is the sole relevant distinction between his opinion and the others, and it was, of course, his prerogative to make. Dr. Wunder's reports are, therefore, "some evidence" supporting the commission's decision.

{¶9} The judgment of the court of appeals is affirmed.

Judgment affirmed.

MOYER, C.J., DOUGLAS, RESNICK, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

F.E. SWEENEY, J., dissents and would reverse the judgment of the court of appeals.

————————————

M.R. Donoff & Associates, Paul W. Mills and Marilyn R. Donoff, for appellant.

Betty D. Montgomery, Attorney General, and Dennis L. Hufstader, Assistant Attorney General, for appellee Industrial Commission.

Pickrel, Schaeffer & Ebeling, David C. Korte and Michelle D. Bach, for appellee Sofco Erectors, Inc.

————————————